```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

```
JOSHUA A. ROBERTS,              )
                                )
          Plaintiff,            )
                                )
     v.                         )    No. 13 C 7689
                                )
JAKE CODDINGTON, et al.,        )
                                )
          Defendants.           )
_____)
                                )
JOSHUA A. ROBERTS,              )
                                )
          Plaintiff,            )
                                )
     v.                         )    No. 13 C 7690
                                )
THOMAS DART,                    )
                                )
          Defendant.            )
_____)
                                )
JOSHUA A. ROBERTS,              )
                                )
          Plaintiff,            )
                                )
     v.                         )    No. 13 C 7691
                                )
CERMAK HOSPITAL, et al.,        )
                                )
          Defendants.           )
```

MEMORANDUM ORDER

Joshua Roberts ("Roberts") a detainee at the Cook County Department of Corrections ("County Jail") has simultaneously filed no fewer than three separate lawsuits, each setting out a claim or claims against a different defendant or defendants. Because Roberts has not included necessary Clerk's-Office-supplied adjuncts--an In Forma Pauperis Application

("Application") and a Motion for Attorney Representation ("Motion")--with each Complaint, this initial memorandum order will address all three lawsuits at the threshold and will be docketed in each of the three cases.

At the outset, the Application filed in Case No. 13 C 7689 does not comply with the requirement of 28 U.S.C. §1915(a)(2)[1] that a prisoner bringing a civil action must tender a certified copy of his or her trust fund account statement "for the 6-month period immediately preceding the filing of the complaint...." That printout is needed to enable this Court to make the calculation as to the basis on which the $350 filing fee for each case must be paid in current and future installments.

In this instance the certificate from the County Jail's fiscal officer is dated October 10 (while the last entry in the trust fund account printout is dated August 13), and Roberts has signed each of the Complaints on October 12, yet his documents in the three cases were not received in the Clerk's Office until October 25. Although Roberts is entitled to the benefit of the "mailbox rule" (<u>Houston v. Lack</u>, 487 U.S. 266 (1988)), the two-week time gap between October 10 or 12 and October 25 that is reflected by those documents is unexplainable and needs to be cleared up.

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

Accordingly Roberts is ordered to file in each of the three cases on or before November 18, 2013 (1) a statement as to the date on which he mailed (or delivered to the County Jail authorities to mail for him) each of his Complaints and accompanying documents, as well as (2) an updated printout of the entries in his trust fund account throughout the time frame from the date on which he was booked into the County Jail (shown on the statement as May 25, 2013) through October 25, 2013. This Court will then promptly enter an order reflecting the necessary calculation called for by Section 1915.

In the meantime this memorandum order will address each of Roberts' Complaints from a substantive point of view. That threshold screening, called for by Section 1915A, discloses that not all of the Complaints survive initial scrutiny.

No substantive problem is posed by Case No. 13 C 7689, which on its face states a facially viable (and "plausible," as required by the Twombly-Iqbal canon) claim of excessive force on the part of numerous County Jail officers--a 42 U.S.C. §1983 claim of violation of Roberts' constitutional rights. It is important to note, however, that Roberts has not addressed the question whether he has satisfied the precondition to suit established by 42 U.S.C. §1997e(a), which requires prisoners to exhaust "such administrative remedies as are available" before coming to the federal courts (see Booth v. Churner, 532 U.S. 731

(2001)). That question will have to be dealt with as a preliminary to dealing with his substantive claims in Case No. 13 C 7689.

As for Case No. 13 C 7690, which targets only Sheriff Thomas Dart as a defendant and complains about a number of conditions at the County Jail, that action is clearly barred by the 42 U.S.C. §1997e(a) precondition to suit. Accordingly, as permitted by Section 1915A(b), both that Complaint and that action are dismissed.[2] That dismissal, however, will not excuse Roberts' obligation to pay the $350 filing fee as to Case No. 13 C 7690 in installments (that subject will be covered by a further memorandum order when Roberts has complied with the requirements set out at the beginning of this memorandum order).

Finally, Case No. 13 C 7691 is brought against Cermak Hospital and unnamed doctors there, charging that Roberts was not given proper medical treatment on August 25, 2013 after the excessive-force incident complained of in Case No. 13 C 7689. Here the problem is twofold--both the absence of any reference to exhaustion of administrative remedies and, more substantively, the fact that Roberts' allegations don't rise to the level of seriousness needed to come within the constitutional-deprivation test prescribed by Estelle v. Gamble, 429 U.S. 97, 104 (1976) and

---

[2] Roberts' Motion for Attorney Representation in Case No. 13 C 7690 is therefore denied as moot.

its numerous progeny.

Hence both the Complaint and the action in Case No. 13 C 7691 are dismissed as permitted by Section 1915A.[3] And as with Case No. 13 C 7690, Roberts will remain liable for the $350 filing fee as to Case No. 13 C 7691 payable in installments.

Conclusion

Roberts is ordered to file, on or before November 18, 2013, the additional information and documents called for earlier to enable this Court to make the required Section 1915 calculation. Both Case No. 13 C 7690 and Case No. 13 C 7691 and their respective Complaints are dismissed, and their respective motions for Attorney Representation are denied as moot. Finally, Case No. 13 C 7689 will remain in place pending this Court's receipt of (1) the information and documents referred to in the first sentence of this Conclusion section and (2) the information relevant to a 42 U.S.C. §1997e(a) analysis.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 1, 2013

---

[3] In that case too Roberts' Motion for Attorney Representation is denied as moot.