IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSHUA A. ROBERTS,            )
                              )
        Plaintiff,            )
                              )
    v.                        )   No. 13 C 7689
                              )
JAKE CODDINGTON, et al.,      )
                              )
        Defendants.           )

MEMORANDUM ORDER

On November 1, 2013 this Court issued a memorandum order ("Order") in three cases that had been filed simultaneously by Joshua Roberts ("Roberts"). Two of those cases were dismissed by the Order, with the third (the one listed in the caption here) being preserved "pending this Court's receipt of (1) the information and documents referred to in the first sentence of this Conclusion section and (2) the information relevant to a 42 U.S.C. §1997e(a) analysis."

Now Roberts has just satisfied the first of those requirements by providing the information needed to permit this Court's calculation called for by 28 U.S.C. §1915, but he has remained totally silent as to the critical second issue--the congressional mandate of 42 U.S.C. §1997e(a)("Section 1997e(a)") that no prisoner lawsuit may be filed unless the plaintiff has exhausted "such administrative remedies as are available."

That omission is really inexplicable, because the Order was unambiguous in identifying the exhaustion-of-administrative-

remedies requirement and requiring Roberts' showing that it had been satisfied. Because the extraordinarily troubling incident Roberts describes in his Complaint occurred on August 25 of this year and suit was not instituted until two months later (on October 25), there was ample opportunity for him to have pursued administrative remedies, and his silence on the subject must be taken as an absence of the statutorily-mandated showing.

Accordingly both the Complaint and this action are dismissed for Roberts' failure to have established his satisfaction of the Section 1997e(a) precondition to suit. Because the Order at 3 expressed the view that his substantive allegations "state[d] a facially viable (and 'plausible' as required by the <u>Twombly</u>-<u>Iqbal</u> canon) claim of excessive force on the part of numerous County Jail officers," this action is taken with regret.[1]

_____
Milton I. Shadur
Senior United States District Judge

Date: November 21, 2013

---

[1] Under the circumstances this Court is loath to pursue the issue of Roberts' obligation to pay filing fees aggregating $1,050 (covering the two actions dismissed in the Order and the action dismissed here) in future installments, and no order will be entered here on that score. Hence his motion for leave to proceed in forma pauperis (Dkt. 4) is denied as moot, as is his motion for attorney representation (Dkt. 3).